UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 02-377 |
| NORMAN RAY SELDERS | SECTION A(1) |

### ORDER AND REASONS

Before the Court is defendant Norman Ray Selders' **Motion to Correct Sentence Under 28 U.S.C. § 2255 Pursuant to *Johnson* (Rec. Doc. 111).** The Government's opposes the motion.

**I.      Background**

Selders pleaded guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846; and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) on March 18, 2003. Prior to his guilty plea on March 18, 2003, Selders had previously been convicted of manslaughter and possession with intent to distribute crack cocaine. Because of these prior convictions, Selders' offense level was determined under U.S.S.G. §4B1.1, which resulted in a Sentencing Guideline range of 262 to 327 months imprisonment. Thereafter, this Court sentenced Selders to 262 months of imprisonment, the minimum sentence under the Guideline range at the time. (Rec. Doc. 63).

On June 24, 2016, Selders moved for this Court to correct his sentence under 28 U.S.C. § 2255 pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). This motion was held in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (Rec. Doc. 114). Thereafter, on May 15, 2017, Selders filed a Supplemental Memorandum in light of the Supreme Court's decision in *Beckles*. (Rec. Doc. 134). The Government then filed a

response in light of the *Beckles* decision. (Rec. Doc. 141). Selders replied to the Government's response. (Rec. Doc. 142).

**II.    Analysis**

Selders argues that his sentence is eligible for correction under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the "residual clause" of the Armed Career Criminal Act (ACCA.), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and thus violated the Constitution's guarantee of Due Process. *Johnson*, at 2563.

In March of 2017, the Supreme Court decided *Beckles v. United States*, which undertook to resolve the issue of whether the residual clause found in the advisory Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(2), was also void for being unconstitutionally vague. *Beckles v. United States*, 137 S. Ct. 886. The Supreme Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, at 890.

Selders contends that *Beckles* did not exempt the mandatory Guidelines, but only the advisory Guidelines from vagueness challenges. (Rec. Doc. 134 p. 2). Selders was sentenced at a time when the Sentencing Guidelines were mandatory.

However, *Beckles* held that the Sentencing Guidelines, are not subject to the same vagueness challenges as those that applied to the ACCA in *Johnson.* Regardless of whether the guidelines were mandatory or not, *Johnson*, which the Supreme Court made retroactive to cases on collateral review, does not address Career Offender guidelines, but only those defendants that were sentenced under the ACCA. Therefore, the petitioner's §2255 motion is not afforded the same retroactive application and the petitioner's §2255 is considered procedurally time barred. 28 U.S.C. §2255(f)(3).

Accordingly;

**IT IS ORDERED** that Norman Ray Selder's **Motion to Correct Sentence Under 28 U.S.C. § 2255 Pursuant to** *Johnson* **(Rec. Doc. 111).** is **DENIED**.

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE